William J. Mattix
CROWLEY, HAUGHEY, HANSON,
 TOOLE & DIETRICH P.L.L.P.
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 256-0277

Laurence M. McHeffey, CO Bar No. 25873
Jonathan A. Decker, CO Bar No. 27251
McELROY, DEUTSCH, MULVANEY
    & CARPENTER, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290-190
Telephone: (303) 293-8800
Fax: (303) 839-0036

*Attorneys for Plaintiff Assurance Company of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, a New York corporation, | Case No.: CV-07-59-M-DWM |
| Plaintiff, | |
| v. | **FOURTH AMENDED COMPLAINT** |
| RANALD MCDONALD, as Personal Representative of the Estate of BERT SCHULTZ d/b/a BAYVIEW CENTER, LLP; DEREK ALT; RONNI BOYCE; CHELSI CAMEL; SASHAY CAMEL-MATT; MICHAEL J. CANO; CASEY CORDIAL, JORDAN DAILY; TROY FORD; RYAN FUNKE; KRISTIN HARPER; BRENT HERREID; JOSH ILLIQ; TREANA JONES; REBECCA KAHLER; JAKE LARSON; CYNTHIA LLEWELLYN; MARTIN LLEWELLYN; JUSTIN McELDERY PATRICK MICKEY; REBECCA MORGAN; HEIDI O'HARREN; BRETT PARKER; | |

JASON SCHROEDER; PATRICIA
SCHWENK; ALESHA M. ST. CLAIR; and
DAVID VANIO,

        Defendants.

---

COMES NOW Assurance Company of America ("Assurance"), plaintiff in the above-captioned matter, by and through its undersigned counsel, and for its Fourth Amended Complaint in Interpleader pursuant to 28 U.S.C. § 1335, states as follows:

## I.     NATURE OF ACTION

1.     This interpleader action arises out of the above-named defendants' competing claims to insurance proceeds under a commercial general liability insurance policy issued by Assurance to Bert Schultz d/b/a Bayview Center, LLP ("Schultz").

2.     Several individuals, including the defendants, were injured when a deck at the Horseshoe Lounge & Grill, L.L.C. (the "Lounge"), which was part of certain premises owned by Schultz, and located in Polson, Montana, collapsed. Assurance, together with Diamond States Insurance Company ("Diamond States"), settled claims on behalf of Schultz, which were brought by several individuals injured in this incident. There are limits of liability in the amount of $594,521.82 remaining on the Assurance policy.

3.     A mediation was held in March 2007. During mediation, it became clear, for the first time, that the defendants' competing claims may not be able to be settled in amounts equal to or less than the remaining limits of the Assurance policy.

4.     Assurance requests the court to determine to whom, and to what extent, the remaining proceeds of the Assurance policy should be distributed between the defendants. Assurance also requests that it be discharged from any and all liability to defendants once the proceeds are deposited into the court's registry; and that the court enjoin the defendants from any other action in which they seek to recover damages from Assurance.

## II.     PARTIES

5.     Plaintiff Assurance is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 53rd Floor, New York, New York 10006 and a main administrative office or principal place of business located at 1400 American Lane, Schaumberg, Illinois. Assurance is a citizen of the State of New York and the State of Illinois and is authorized to transact and has transacted business in the State of Montana.

6.     Defendant Ranald McDonald is the Personal Representative of Schultz's estate. At all times relevant hereto, Schultz was a Montana limited liability partnership that owned the premises upon which the Lounge was located: 820 Shoreline Drive, Polson, Montana 59860. Schultz is included in this action because his estate has a material interest in how the Assurance

policy proceeds are distributed. Schulz was a Montana limited liability partnership and is a citizen of the State of Montana.

7. Upon information and belief defendant Derek Alt ("Alt") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

8. Upon information and belief, defendant Ronni Boyce ("Boyce") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

9. Upon information and belief, defendant Chelsi Camel is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

10. Upon information and belief, defendant Sashay Camel-Matt is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

11. Upon information and belief, defendant Michael J. Cano ("Cano") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

12. Upon information and belief, defendant Casey Cordial ("Cordial") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

13. Upon information and belief, defendant Jordan Daily ("Daily") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

14. Upon information and belief, defendant Troy Ford ("Ford") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

15. Upon information and belief, defendant Ryan Funke ("Funke") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

16. Upon information and belief, defendant Kristin Harper ("Harper") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

17. Upon information and belief, defendant Brent Herreid ("Herreid") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

18. Upon information and belief, defendant Josh Illiq ("Illiq") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

19. Upon information and belief, defendant Treana Jones ("Jones") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

20. Upon information and belief, defendant Rebecca Kahler ("Kahler") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

21. Upon information and belief, defendant Jake Larson ("Larson") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

22. Upon information and belief, defendant Cynthia Llewellyn is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

23. Upon information and belief, defendant Martin Llewellyn is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

24. Upon information and belief, defendant Justin McEldery ("McEldery") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

25. Upon information and belief, defendant Patrick Mickey ("Mickey") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

26. Upon information and belief, defendant Rebecca Morgan ("Morgan") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

27. Upon information and belief, defendant Heidi O'Harren ("O'Harren") is a citizen of the United States, and is a citizen of the State of Colorado with her principal residence in Colorado.

28. Upon information and belief, defendant Brett Parker ("Parker") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

29. Upon information and belief, defendant Jason Schroeder ("Schroeder") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

30. Upon information and belief, defendant Patricia Schwenk ("Schwenk") is a citizen of the United States, and is a citizen of the State of Arizona with her principal residence in Arizona.

31. Upon information and belief, defendant Alesha M. St. Clair ("St. Clair") is a citizen of the United States, and is a citizen of the State of Montana with her principal residence in Montana.

32. Upon information and belief, defendant David Vanio ("Vanio") is a citizen of the United States, and is a citizen of the State of Montana with his principal residence in Montana.

### III.   JURISDICTION AND VENUE

33.   Pursuant to 28 U.S.C § 1335, this court has original jurisdiction over this Complaint in Interpleader because two or more adverse defendants are of diverse citizenship and the stake at issue has a monetary value greater than $500.

34.   This court has personal jurisdiction over the parties pursuant to 28 U.S.C. § 2361.

35.   Pursuant to 28 U.S.C. § 1397, venue is proper in this court because one or more defendants reside in this district.

### IV.   GENERAL ALLEGATIONS

**A.   The Underlying Event**

36.   On or about July 30, 2004, in Polson, Montana, a deck on the Lounge's premises collapsed, injuring several people including the defendants.

37.   Upon information and belief, each of the defendants was on the Lounge's deck at the time it collapsed, and therefore, may have a valid claim to all or part of the proceeds available under the commercial general liability insurance policy issued by Assurance to Schultz.

**B.   The Civil Actions/Claims in Litigation**

The Alt Action

38.   On or about March 21, 2006, defendant Alt filed a claim against Schultz's estate, probate number DP-06-67, in the Twentieth Judicial District, Lake County, Montana (the "Alt Action"), seeking to recover damages resulting from the deck's collapse from Schultz's estate.

39.   The Alt Action seeks to recover damages for: (1) medical expenses; (2) pain and suffering; (3) physical impairment; (4) loss of enjoyment of life; (5) loss of established course of life; and (6) other losses.

40.   Upon information and belief, the Alt Action has not been finally resolved.

The Boyce Action

41.   On or about September 8, 2004, defendant Boyce filed a civil action against Diamond Horseshoe, Inc.; Diamond Horseshoe Lounge & Grill, LLC; and Schultz in the Twentieth Judicial District Court, Lake County, Montana, cause number DV-04-197 (the "Boyce Action"), seeking to recover damages resulting from the deck's collapse.

42.   As against Schultz, the Boyce Action is in three counts: (1) negligence; (2) negligence *per se*; and (3) res ipsa loquitur.

43.     The Boyce Action seeks to recover damages from Schultz for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) permanent physical impairment and scarring and disfigurement; (4) child care expenses; (5) out-of-pocket expenses; (6) loss of established course of life; (7) past and future physical and emotional pain and suffering; (8) costs and expenses; and (9) attorneys' fees and costs of suit.

44.     Upon information and belief, the Boyce Action has not been finally resolved.

The Chelsi Camel Action

45.     On or about May 8, 2007, defendant Chelsi Camel filed a complaint against Diamond Horseshoe, Inc.; Ranold McDonald, Personal Representative for the Estate of Berton N. Shultz, d/b/a Bayview Center; Feona R. Bollan; the City of Polson; John Does 1-10; and XYZ Corporations or other Business Entities 1-10, cause number DV-07-143, in the Twentieth Judicial District, Lake County, Montana ("the Chelsi Camel Action") seeking to recover damages resulting from the deck's collapse.

46.     As against Schultz's estate, the Chelsi Camel Action alleges three counts: (1) negligence; (2) negligence *per se*; and (3) *res ipsa loquitur.*

47.     The Chelsi Camel Action seeks to recover damages for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) out-of-pocket expenses; (4) loss of established course of life; (5) general damages for past and future physical and emotional pain and suffering; (6) all special, general, and compensatory damages to be proven at trial; and (7) all costs and expenses of suit.

48.     Upon information and belief, the Chelsi Camel Action has not been finally resolved.

The Sashay Camel-Matt Action

49.     On or about May 8, 2007, defendant Sashay Camel-Matt filed a complaint against Diamond Horseshoe, Inc.; Ranold McDonald, Personal Representative for the Estate of Berton N. Shultz, d/b/a Bayview Center; Feona R. Bollan; the City of Polson; John Does 1-10; and XYZ Corporations or other Business Entities 1-10, cause number DV-07-142, in the Twentieth Judicial District, Lake County, Montana ("the Sashay Camel-Matt Action") seeking to recover damages resulting from the deck's collapse.

50.     As against Schultz's estate, the Sashay Camel-Matt Action alleges three counts: (1) negligence; (2) negligence *per se*; and (3) *res ipsa loquitur.*

51.     The Sashay Camel-Matt Action seeks to recover damages for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) out-of-pocket expenses; (4) loss of established course of life; (5) general damages for past and

future physical and emotional pain and suffering; (6) all special, general, and compensatory damages to be proven at trial; and (7) all costs and expenses of suit.

52.     Upon information and belief, the Sashay Camel-Matt Action has not been finally resolved.

### The Cano Action

53.     On or about February 1, 2007, defendant Cano filed a First Amended Complaint against Diamond Horseshoe, Inc.; Diamond Horseshoe Lounge and Grill, LLC; the City of Polson, Montana; John Does 1-15; Schultz; and Schultz's estate in the Twentieth Judicial District, Lake County, Montana, cause number DV-06-54, seeking to recover damages resulting from the deck's collapse.

54.     As against Schultz and Schultz's estate, the Cano Action advances one count: negligence.

55.     The Cano Action seeks to recover damages from Schultz for "all special, general and compensatory damages allowed by law."

56.     Upon information and belief, the Cano Action has not been finally resolved.

### The Cordial Action

57.     On or about June 11, 2007, defendant Cordial filed a Complaint against Berton N. Schultz d/b/a Bayview Center, Diamond Horseshoe Lounge and Grill, et. al.,  the Estate of Berton N. Schultz, and John Does 1-10; in the Eleventh Judicial District, Flathead County, Montana, cause number DV 07-413C, seeking to recover damages resulting from the deck's collapse.

58.     As against Schultz and Schultz's estate, the Cordial Action advances a count of negligence.

59.     The Cordial Action seeks to recover damages from Schultz for "all special, general and compensatory damages allowed by law."

60.     Upon information and belief, the Cordial Action has not been finally resolved.

### The Ryan Funke Action

61.     On or about August 17, 2004, defendant Ryan Funke filed a First Complaint and Demand for Jury Trial against Diamond Horseshoe, Inc.; Schultz; the City of Polson; John Does 1-10; and XYZ Corporations 1-10 in the Twentieth Judicial District, Lake County, Montana, cause number 04-176, seeking to recover damages resulting from the deck's collapse.

62.     Defendant Ryan Funke has since filed a Second Amended Complaint and Demand for Jury Trial, which added Schultz's estate as a defendant (the "Funke Action").

63.     As against Schultz, the Funke Action is in four counts: (1) negligence; (2) negligence *per se*; (3) res ipsa loquitur; and (4) punitive damages.

64.     The Funke Action seeks to recover damages from Schultz for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) losses resulting from Ryan Funke's inability to compete in golf tournaments; (4) out-of-pocket expenses; (5) loss of established course of life; (6) past and future physical and emotional pain and suffering; (7) permanent injury; and (8) punitive damages.

65.     Upon information and belief, the Funke Action has not been finally resolved.

The Larson Action

66.     On or about March 21, 2006, defendant Larson filed a claim against Schultz's estate, probate number DP-06-67, in the Twentieth Judicial District, Lake County, Montana (the "Larson Action"), seeking to recover damages resulting from the deck's collapse from Schultz's estate.

67.     The Larson Action seeks to recover damages for: (1) medical expenses; (2) pain and suffering; (3) physical impairment; (4) loss of enjoyment of life; (5) loss of established course of life; and (6) other losses.

68.     Upon information and belief, the Larson Action has not been finally resolved.

The Cynthia Llewellyn Action

69.     On or about May 8, 2007, defendant Cynthia Llewellyn filed a complaint against Diamond Horseshoe, Inc.; Ranold McDonald, Personal Representative for the Estate of Berton N. Shultz, d/b/a Bayview Center; Feona R. Bollan; the City of Polson; John Does 1-10; and XYZ Corporations or other Business Entities 1-10, cause number DV-07-141, in the Twentieth Judicial District, Lake County, Montana ("the Cynthia Llewellyn Action") seeking to recover damages resulting from the deck's collapse.

70.     As against Schultz's estate, the Cynthia Llewellyn Action alleges three counts: (1) negligence; (2) negligence *per se*; and (3) *res ipsa loquitur.*

71.     The Cynthia Llewellyn Action seeks to recover damages for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) out-of-pocket expenses; (4) loss of established course of life; (5) general damages for past and future physical and emotional pain and suffering; (6) all special, general, and compensatory damages to be proven at trial; and (7) all costs and expenses of suit.

72.     Upon information and belief, the Cynthia Llewellyn Action has not been finally resolved.

The Martin Llewellyn Action

73.     On or about May 8, 2007, defendant Martin Llewellyn filed a complaint against Diamond Horseshoe, Inc.; Ranold McDonald, Personal Representative for the Estate of Berton N. Shultz, d/b/a Bayview Center; Feona R. Bollan; the City of Polson; John Does 1-10; and XYZ Corporations or other Business Entities 1-10, cause number DV-07-140, in the Twentieth Judicial District, Lake County, Montana ("the Martin Llewellyn Action") seeking to recover damages resulting from the deck's collapse.

74.     As against Schultz's estate, the Martin Llewellyn Action alleges three counts: (1) negligence; (2) negligence *per se*; and (3) *res ipsa loquitur.*

75.     The Martin Llewellyn Action seeks to recover damages for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) out-of-pocket expenses; (4) loss of established course of life; (5) general damages for past and future physical and emotional pain and suffering; (6) all special, general, and compensatory damages to be proven at trial; and (7) all costs and expenses of suit.

76.     Upon information and belief, the Martin Llewellyn Action has not been finally resolved.

The Justin McEldery Action

77.     On or about July 20, 2007, defendant Justin McEldery filed a complaint against Diamond Horseshoe, Inc.; Diamond Horseshoe Lounge & Grill, LLC, the City of Polson, Ranald McDonald, Personal Representative for the Estate of Berton N. Shultz, d/b/a Bayview Center; and John Does 2-4; cause number DV-07-205, in the Twentieth Judicial District, Lake County, Montana ("the McEldery Action") seeking to recover damages resulting from the deck's collapse.

78.     As against Diamond Horseshoe, Inc, Diamond Horseshoe Lounge & Grill, LLC, Berton Schultz d/b/a Bayview Center, Ranald McDonald as Personsal Representative of the Estate of Berton Schultz and Bayview Center, LLP, the McEldery Action alleges one count of negligence.

79.     As against the City of Polson, the McEldery Action alleges one count of negligence.

80.     Upon information and belief, the McEldery Action has not been finally resolved.

The Parker Action

81.     On or about February 14, 2007, defendant Parker filed a claim against Schultz's estate, probate number DP-05-67, in the Twentieth Judicial District, Lake County, Montana (the "Parker Action"), seeking to recover damages resulting from the deck's collapse from Schultz's estate.

82.     The Parker Action alleges that defendant Parker seeks to recover "$25,000.00 for pain and suffering, permanent disability . . ., adverse impact to [Parker's] lifestyle, and for the loss of future earnings, together with medical expenses of $331.00, together with future medical expenses in an amount to be determined."

83.     On or about March 15, 2007, defendant Ranald McDonald, as Personal Representative of Schultz's estate, filed a Notice of Disallowance regarding Parker's claim against Schultz's estate.

84.     Upon information and belief, the Parker Action has not been finally resolved.

The Schwenk Action

85.     On or about April 19, 2007, defendant Schwenk filed a complaint against Diamond Horseshoe, Inc.; the City of Polson; John Does 1-10; XYZ Corporations 1-10; and Schultz's estate, cause number CV 07-117, in the Twentieth Judicial District, Lake County, Montana (the "Schwenk Action") seeking to recover damages resulting from the deck's collapse.

86.     As against Schultz's estate, the Schwenk Action is in three counts: (1) negligence; (2) negligence *per se*; and (3) *res ipsa loquitur*.

87.     The Schwenk Action seeks to recover damages for: (1) past and future medical expenses; (2) past and future wage loss, earnings loss, and loss of earning capacity; (3) out-of-pocket expenses; (4) loss of established course of life; (5) general damages for past and future physical and emotional pain and suffering; (6) all special, general, and compensatory damages to be proven at trial; and (7) all costs and expenses of suit.

88.     Upon information and belief, the Schwenk Action has not been finally resolved.

**C.      The Non-Litigated Claims**

89.     Defendant St. Clair seeks to recover damages for injuries sustained as a result of the deck's collapse.  Upon information and belief, defendant St. Clair's claim has not been finally resolved.

90.     Defendant Morgan seeks to recover damages for injuries sustained as a result of the deck's collapse.  Upon information and belief, defendant Morgan's claim has not been finally resolved.

91.     Upon information and belief, defendants Daily; Ford; Harper; Herreid; Illiq; Jones; Kahler; Mickey; Morgan; O'Harren; Schroeder and Vainio also seek damages resulting from the deck's collapse.  Upon information and belief, these claims have not been finally resolved.

**D.     The Insurance Policy**

92.     Assurance issued a commercial general liability insurance policy to Schultz under policy number PAS 43198598 (the "Policy"), which was in effect from May 6, 2004 to May 6, 2005.

93.     The Policy provides for a $2,000,000 per occurrence limit; and medical expense limits of $10,000 per person subject to the per occurrence aggregate.

94.     The Policy's terms, conditions, endorsements, limitations, provisions and exclusions define Assurance's obligations in connection with the claims asserted against Schultz.

**E.     The Controversy and Stake Available to Resolve the Controversy**

95.     Through and including May 30, 3007, Assurance has paid $1,405,478.18 of the Policy limits in connection with the payment of medical expenses and settlement of claims for injuries and damages arising out of the deck's collapse.  The individuals who have settled their claims are not parties to this action.

96.     Of the $2,000,000 Policy limits, only $594,521.82 (the "Stake") remains available to satisfy all of the defendants' claims for insurance benefits under the Policy.  Given the irreconcilable claims that have been made to the remaining proceeds of the Policy, Assurance is no longer depleting the Stake for current claims of medical and other expenses in an effort to preserve the full $594,521.82 to be made available to the defendants in this interpleader action.

97.     Defendants have competing claims to the Stake and as a result, a controversy exists as to how the Stake is to be paid to the numerous defendants and the extent of each defendant's entitlement.

98.     As a result of the possible and/or conflicting claims, Assurance and Schultz are or may be exposed to liability and cannot determine the extent of their liability, if any, to each defendant, such that this court is asked to determine the amount of the Stake to which each defendant may be entitled.

99.     Unless the defendants are enjoined from asserting any rights to the Stake outside of this interpleader action, Assurance and Schultz could be subjected to multiple claims and the possibility of inconsistent judgments.

100.    Assurance, as the insurer for Schultz, is prepared to pay the Stake into the court's registry.

**WHEREFORE**, plaintiff Assurance requests the following relief:

a. That Assurance be permitted to deposit the Stake into the Court's Registry;

b. That each Defendant asserts his or her claim to the Stake in this action and in no other, and that the Court determine the entitlement of each Defendant to the Stake proceeds, if any;

c. That each Defendant be required to interplead and settle between themselves their right to the proceeds of the Stake;

d. That upon payment of the Stake proceeds, as determined and ordered by the Court, Assurance will be discharged from any and all further liability to defendants, and that Assurance be awarded their costs and fees in filing this interpleader action;

e. That upon payment of the Stake proceeds, as determined and ordered by the Court, any obligation owed by Assurance to the Defendants is dissolved; and

f. For such other relief as the Court deems just and proper.

Respectfully submitted this 8th day of January, 2008.

/s/ William J. Mattix
WILLIAM J. MATTIX
Crowley, Haughey, Hanson, Toole & Dietrich P.L.L.P.
Attorneys for Plaintiff Assurance Company of America